UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                ORDER

RICHARD O'CONNOR,                  17-CR-89-17 (CS)

                  Defendant.
--------------------------------------------------------x

Seibel, J.

       Before the Court is Defendant Richard O'Connor's second motion for reduction of

sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 1151), and

the Government's opposition thereto, (Doc. 1157).  Familiarity with prior proceedings, including

my previous ruling, is presumed.

       Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18

U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action

and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy

Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not

be a danger to the safety of any other person or the community.  Application Note 1 to Policy

Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the

defendant has a terminal medical condition or because of serious health condition from which he

is not expected to recover is substantially diminished in his ability to provide self-care; 2) the

defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is

experiencing a serious deterioration in health because of the aging process; 3) family

circumstances; and 4) an extraordinary and compelling reason other than or in combination with

one of the above.[1]  "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Plaintiff points to his medical conditions and the risks presented by the COVID-19 pandemic in prison.[2]  Plaintiff suffers from conditions that would put him at increased risk were he to be infected, so I continue to find that extraordinary and compelling circumstances exist. Luckily the current outbreak in FCI Fort Dix is confined to housing units other than Defendant's, and – with one exception, discussed below – Defendant is getting the medical care he needs.

But the § 3553(a) factors continue to weigh in favor of Defendant completing his sentence.  I recognize that Defendant has not been disciplined while serving this sentence, but given his record, that hardly suggests that he will be law abiding when released.  I likewise would have to be naive to take at face value Defendant's assurance that he will not commit further crimes.  He committed the instant offense after, among other things, two previous federal

---

[1]Section 1(D) of the Application Note states: "Other Reasons – As determined by the Director of the Bureau of Prisons ["BOP"], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the [other three reasons]."  But "Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant," *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712, at *1 (2d Cir. Sept. 25, 2020), so I am not constrained by the BOP's or the Application Note's interpretation of extraordinary and compelling circumstances, *see id.* at 7 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

[2]Defendant also states he is not seeking to be released immediately, but just wants a few months' reduction so he can be in his daughter's and grandchild's life and have some surgeries he needs.  That he is not seeking immediate release seems to contradict his concerns about COVID-19.  In any event, I sympathize with his daughter and grandchild, but not being there for family is unfortunately a consequence of incarceration in almost every case; there is nothing extraordinary about it, sad to say.  And Defendant has been getting surgeries and other medical care while incarcerated.

narcotics convictions, and while he was on supervised release.  The instant case involved

between 15 and 50 kilograms of cocaine.  Defendant is a lifelong associate of La Cosa Nostra.

He has served only about 59% of his sentence.  Releasing him now, or reducing that sentence,

would undermine several of the § 3553(a) factors.  It would not sufficiently address the nature

and seriousness of the offense, including his repeated return to significant drug dealing after

prior convictions.  It would not sufficiently address Defendant's disrespect for th law, nor would

it be just punishment.  Further it would insufficiently deter others and would introduce

unwarranted sentencing disparities.  It would not suffice to protect the public from further crimes

by Defendant, almost a certainty given the Defendant's record and the fact that his recent crimes

were of the sort that even one in declining health could commit.

The Court does, however, have one concern.  The medical records provided by the

Government included a doctor's direction that Defendant have a cardiac test within two to three

weeks of October 16, 2020.  It does not appear from the records that the test has taken place – in

all likelihood because of the COVID lockdown.  But if further delay would significantly impair

Defendant's health, the balance set forth above might come out differently.  The Government

shall advise, no later than Novembe 27, 2020, as to whether the procedure has been scheduled; if

so, when it will take place; and if not, why not (given that Defendant's unit has no COVID

cases).  If the procedure will not occur in the first half of December, the Government shall also

provide the opinion of a cardiologist, or other qualified medical provider, as to the risks, if any,

presented by that delay.  It appears to the Court that Defendant has been getting good care, but

he has a complicated condition and delay in a required test – apparently necessary to determine

if other necessary procedures can be safely undertaken – seems ill advised if it can be avoided.

For the reasons stated above, the motion is denied, without prejudice to reconsideration following the Government's update.  The Clerk of Court is respectfully directed to terminate Doc. 1151 and to send a copy of this Order to Defendant.

Dated: November 20, 2020
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.